UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON GROSSMAN,

    Plaintiff,

v.

DTE ENERGY CO. et al.,

    Defendants.
                                    /

Case No. 10-cv-13712

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING MOTIONS TO DISMISS
COMPLAINT** (docket nos. 8 & 13) **AND
DENYING RULE 11 SANCTIONS** (docket no. 14)

Gordon Grossman filed a complaint in this Court on September 17, 2010, seeking a declaratory judgment and damages pursuant to 42 U.S.C. § 1983 and the common law of Michigan against DTE Energy Co. ("DTE"), Michigan Consolidated Gas Company ("MichCon"), and the law firm of Fahey, Schultz, Burzych, Rhodes, PLC ("FSBR"). He has since amended the complaint to add a claim for sanctions against FSBR under 28 U.S.C. § 1927. This dispute arises out of contested payments for utility services on property allegedly owned by Grossman. Grossman alleges that the defendant companies and their law firm made inconsistent arguments before the Oakland County Circuit Court and the Michigan Public Service Commission to dispose of Grossman's claims. The defendants have moved to dismiss all of Grossman's claims.

The Court agrees that the complaint does not present a legally cognizable claim under § 1983 or § 1927, and because it otherwise lacks jurisdiction over the dispute, it will dismiss

the complaint. Nevertheless, the Court does not agree that sanctions are warranted, and will not impose them.[1]

## FACTS AND PROCEDURAL HISTORY

Grossman, a Michigan resident, brought an action in Oakland County Circuit Court ("Circuit Court") against DTE on April 6, 2009. Oakland County Circuit Court Complaint, Docket No. 8, Ex. 2. He alleged that DTE wrongly assigned $4,800 worth of utility charges to him personally, rather than to his duly-registered Michigan corporation, the Gordon Grossman Construction Company. *Id.*, ¶ 6, 8–9. These charges affected Grossman's credit score and led to higher interest rates than he was entitled to on certain real estate loans. *Id.*, ¶ 14. DTE moved to dismiss this complaint, arguing that the Michigan Public Service Commission ("MPSC"), and not the Circuit Court, had primary jurisdiction over such disputes. The Circuit Court agreed, and dismissed Grossman's complaint. Oakland County Circuit Court Order, Docket No. 8, Ex. 4.

Grossman dutifully went to the MPSC and filed a new complaint against DTE and MichCon on December 2, 2009. The companies retained FSBR to represent them before the MPSC, and again moved to dismiss Grossman's complaint, this time on the basis that his utility charge claim was time-barred and sought certain remedies the MPSC could not provide. Grossman vehemently objected to this argument, arguing that under principles of so-called "judicial estoppel," DTE could not claim jurisdiction was proper before the MPSC in one action, and then deny its existence in another action. The gravamen of Grossman's claims is that these arguments amounted to a denial of procedural due

---

[1] Because the Court does not believe a hearing will be helpful to the determination of this case, it will decide this case on the briefs. *See* E.D. Mich. LR 7.1(e)(2). Grossman failed to respond to the motion for sanctions and the amended motion to dismiss within the time limits provided by E.D. Mich. LR 7.1(e)(1)–(2). Therefore, the Court will rule on these motions as unopposed.

process under the federal constitution, and an "abuse of process" under Michigan common law.

## STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal of actions that "fail to state a claim upon which relief can be granted." A district court should only grant a motion to dismiss "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (quoting *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). In evaluating a motion to dismiss, the court presumes the truth of all well-pled factual allegations. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006). But see *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). All reasonable factual inferences are to be drawn in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). "Detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555.

The defendants submitted court records, transcripts, and orders detailing the procedural history of Grossman's proceedings at the state level. Reliance on these documents does not convert this motion from a Rule 12(b)(6) motion to a summary judgment motion under Rule 56. When a defendant's motion to dismiss references documents of public record that are central to the plaintiff's claim but not included in the complaint, Rule 12(b)(6) remains the appropriate standard of review. *Helwig v. Vencor, Inc.*, 210 F.3d 612, 618 n.10 (6th Cir. 2000), rev'd on other grounds, 251 F.3d 540 (6th Cir. 2001) (en banc) (taking notice of SEC documents "does not require conversion of

3

defendants' motion to dismiss to a motion for summary judgment"); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1366, at 185–86 (3d ed. 2004).

**ANALYSIS**

I. Grossman's Claims

A. 42 U.S.C. § 1983 Claim

Grossman's § 1983 claim falters because it does not properly allege that the defendants acted "under color of any statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. The Sixth Circuit recognizes three tests for determining whether or not conduct by private actors, like the utility companies and law firm in this case, is "fairly attributable to the state" under § 1983: "the public function test, the state compulsion test, and the nexus test." *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). Only the "nexus test" is relevant here.[2] In order to make out a § 1983 claim under a nexus theory, the plaintiff must plead "a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state." *Id.* For private litigants accused of acting "under color of law," the Court considers "the extent to which the actor relies on governmental assistance and benefits, whether the actor is performing a traditional governmental function, and whether the injury cased is aggravated in a unique way by the incidents of governmental authority." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 621–22 (holding that preemptory challenges in a civil suit constitute "state action" for § 1983 purposes).

---

[2] The "public function" test is not applicable because the defendants have not been accused of taking over a traditionally state function, like operating an election. The "state compulsion" test is also irrelevant because there is no suggestion that the state somehow put the defendants up to the arguments they made in the state courts. *See Ellison*, 48 F.3d at 195.

While judicial actions are undoubtedly state actions, steps taken by the litigants to obtain a ruling from a court are generally not deemed to be state action. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999) ("[A] private party's mere use of the State's dispute resolution machinery, without the 'overt, significant assistance of state officials,'" is not state action) (quoting *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486 (1988)); *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981) (holding that public defenders whose role is limited to "performing a lawyer's traditional function[ ] as counsel to a defendant in a criminal proceeding" is not a state actor under § 1983); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not . . . a state actor under color of state law . . . ."). In those cases when a litigant's joint efforts with the state *were* deemed sufficient to trigger state action, the plaintiff alleged significant state intervention (as takes place, for instance, when lawyers aid the courts in empaneling juries); outright collusion between the litigants and the court; or deliberate bad faith on the part of the litigant in seeking court action that is unconstitutional. *See Edmonson*, 500 U.S. at 621–22 (preemptory challenges during jury selection); *Dennis v. Sparks*, 449 U.S. 24, 31–32 (1980) (conspiracy between judge and defendants); *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 692 (6th Cir. 2002) (dismissing complaint against parties who obtained a state-court injunction, in part, for failure to allege "bad faith" or "knowledge that obtaining an injunction would be unconstitutional").

In this case, Grossman only alleges that the defendants made "inconsistent" and "disingenuous" arguments in front of the Circuit Court and the MPSC. These accusations are mere labels that cannot move this case past the motion-to-dismiss stage. The defendants made legitimate jurisdictional arguments before both the Circuit Court and the MPSC, which those bodies accepted as a basis for judgment. Even if the Court were to

accept such labels on their face value, these are not the sorts allegations that can render private litigants or law firms "state actors." Because no set of facts Grossman could prove on these pleadings will permit the Court to grant relief to Grossman on a § 1983 theory, it will dismiss this claim.

The Court's confidence in its conclusion is bolstered by the *Rooker-Feldman* doctrine. *Rooker-Feldman* reflects Congress's default rule that the Supreme Court is the only federal judicial body capable of reviewing a state-court judgment directly. *See* 28 U.S.C. § 1257. District courts lack such jurisdiction unless Congress has explicitly conferred it upon them. Absent such a conferral of authority, "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgment" cannot be heard by a district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284. While the Supreme Court has scaled back *Rooker-Feldman* in recent decisions, it continues to apply when "the source of injury is the state court decision." *McCormick v. Braverman*, 451 F.3d 382, 393.

Grossman's claim of a constitutional violation amounts to an accusation that the defendants arguments before the various state courts were wrong, and that the acceptance of those arguments in the Circuit Court and MPSC harmed him. For the Court to eventually conclude that the defendants' actions were captured by § 1983, it would have to "evaluate state court judgments to determine if they violated . . . constitutional rights," which § 1257 and *Rooker-Feldman* prohibit. *Johnson v. Ohio Sup. Ct.*, 156 F. App'x 779, 783 (6th Cir. 2005) (rejecting § 1983 action predicated on a split of authority between two intermediate courts of appeal in Ohio on *Rooker-Feldman* grounds). Grossman's claim appears to fall within the limited class of cases that *Rooker-Feldman* bars. Even if one were to presume

6

the defendants' actions could be the subject of a § 1983 action, the Court doubts it could exercise jurisdiction over the matter.

B. 28 U.S.C. § 1927 Claim

Grossman amended his complaint to seek sanctions under § 1927 for "multipl[ying] proceedings in [a] case unreasonably and vexatiously." 28 U.S.C. § 1927. Such sanctions are not allowed in this action. The only defendant against whom the charges have been brought, FSBR, is a law firm, rather than an individual attorney. The Sixth Circuit has held that law firms cannot be sanctioned under § 1927. *See BDT Prods., Inc. v. Lexmark Intern., Inc.*, 602 F.3d 742, 750–51 (6th Cir. 2010). Therefore, Grossman's attempt to seek damages under § 1927 is unavailing.

C. Jurisdiction over "Abuse of Process" Claim Under Michigan Law

Because Grossman's federal claims lack merit, the Court need not pass on his remaining "abuse of process" claim under Michigan common law, because there is no separate basis of jurisdiction for the state law claim. While no party has raised the issue of jurisdiction, the Court is obliged to dismiss a civil action if it "determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Since Grossman has raised no federal claims other than the ones discussed above, diversity jurisdiction is the only method by which his case can remain in federal court.[3] Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that no plaintiff can share a domicile with any defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Grossman,

---

[3] The Court declines to exercise supplemental jurisdiction over this matter because all federal claims in this case have been dismissed. Since this case is still at the motion-to-dismiss stage, there is no good cause for retaining jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .").

DTE, and MichCon are all Michigan citizens.[4]  With no federal claims and no grounds for diversity jurisdiction, the Court cannot consider Grossman's remaining claim and must dismiss this case.

II.    Sanctions Under Rule 11

When an attorney signs a filing with the Court, he or she warrants that it comports with the standards of Fed. R. Civ. P. 11(b) "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances."  If a lawyer fails to comply with these standards, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  *Id.* 11(c)(1).  These sanctions can include "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  *Id.* 11(c)(4).  In this case, the defendants have asked the Court to award them costs and attorney's fees on the grounds that it violates Rule 11(b)(2)[5] and (b)(3).[6]  A district court's decision to grant or deny sanctions is discretionary, and can only be reversed if that discretion is abused.  *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010).

---

[4]    FSBR is an LLC, which means its citizenship is defined by the residence of its members, rather than the state where it is registered.  The Court need not address this issue because jurisdiction is already inapposite given the shared Michigan citizenship of Grossman and the two corporations.

[5]    All filings must have legal arguments that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 12(b)(2).

[6]    The factual contentions in every legal document must "have evidentiary support or, if specifically so identified, [be likely to] have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 12(b)(3).

As the language of the rule suggests, Rule 11 is not intended to punish attorneys who are merely mistaken after the adversarial process has demonstrated they are in error. *Merritt*, 613 F.3d at 626 ("The conduct of counsel who are the subject of a sanction request is measured by an objective standard of reasonableness under the circumstances."); Fed. R. Civ. P. 11 advisory committee's note (1983) ("The Court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring into what was reasonable to believe at the time the pleading, motion, or other paper was submitted."). Not every easy case merits sanctions. Even if a complaint is swiftly dismissed, sanctions should not be imposed if the plaintiff made "some prefiling inquiry" that was reasonable at the time. 1983 Advisory Committee Notes. Fed. R. Civ. P. 11 advisory committee's note (1983).

The Court does not believe that sanctions are merited in this case. The defendants label Grossman's entire complaint "frivolous," "unsupportable," and "egregious," but they fail to make specific allegations that would demonstrate that Grossman's counsel acted in an objectively unreasonable fashion under the circumstances. *See* Fed. R. Civ. P. 11(c)(2) (requiring allegations of "specific conduct"). As his response brief demonstrates, Grossman made a reasonable effort to satisfy the elements of all the claims he brought in his complaint, even though none of them presented a challenging issue for the Court to decide.[7] Furthermore, while the defendant undoubtedly disagrees with Grossman's characterization of the facts in this case, the Court's examination of the filings does not show that Grossman made any deliberate misrepresentations, nor have the defendants directed the Court's attention to such a misrepresentation. In conclusion, while this is a

---

[7] In particular, the limitation on § 1927 sanctions to attorneys was only resolved definitively by the Sixth Circuit in April, and is the subject of a circuit split. *BDP Prods.*, 602 F.3d 742, 750–51. A reasonable investigation could have missed this change in the law.

case in which the plaintiff's "legal theories must be rejected as thinly supported by the facts," the case lacks the sort of pointed allegations of misconduct that justify sanctions. *Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778-79 (6th Cir. 1996) (upholding district court's denial of Rule 11 sanctions in a discrimination case where the claims, while very weak, were a legitimate effort to link evidence to a legal theory).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the defendants' motions to dismiss the complaint (docket no. 8) and the amended complaint (docket no. 13) are **GRANTED**. Grossman's § 1983 and § 1927 claims are **DISMISSED WITH PREJUDICE**. Grossman's state law "abuse of process" claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motion for sanctions (docket no. 14) is **DENIED**.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: December 17, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2010, by electronic and/or ordinary mail.

                                        Alissa Greer
                                        Case Manager